UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY A. DYKEMAN,<br><br>       Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>       Defendant. | ) No. CV-08-00132-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on November 14, 2008. (Ct. Rec. 13, 16). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Stephanie Martz represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) On November 12, 2008, Plaintiff filed a reply. (Ct. Rec. 18.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13.)

### JURISDICTION

Plaintiff filed applications for SSI benefits and DIB on August 25, 2004 (Tr. 72-74, 334-336), alleging onset as of November 1, 2002. (Tr. 358.) The applications were denied

initially and on reconsideration. (Tr. 47-50, 53-60.)
Administrative Law Judge (ALJ) Richard A. Say held a hearing on
September 6, 2006.  (Tr. 355-373.)  Plaintiff, represented by
counsel, and vocational expert Tom Moreland testified.    On
November 8, 2006, the ALJ issued a decision finding that plaintiff
was not disabled.  (Tr. 21-28.)  The Appeals Council denied a
request for review on March 8, 2008.  (Tr. 7-10.)  Therefore, the
ALJ's decision became the final decision of the Commissioner,
which is appealable to the district court pursuant to 42 U.S.C. §
405(g).  Plaintiff filed this action for judicial review pursuant
to 42 U.S.C. § 405(g) on April 25, 2008. (Ct. Rec. 1,4.)

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing
transcript, the ALJ's decision, the briefs of both Plaintiff and
the Commissioner, and will only be summarized here.

Plaintiff was 53 years old on the date of the hearing.  (Tr.
356.)  He has a high school education and completed building
trades training in 1987.  (Tr. 120.)  Plaintiff has past work as
glazing windows, repairing appliances and pallets, building
trailers, and as a maintenance worker.  (Tr. 94, 103, 198, 367-
368.)  He alleges disability as of November 1, 2002, due
obstructive pulmonary disease (COPD) and neck and back problems.
(Tr. 189-190, 207.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability"
as the "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 2 -

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                 - 3 -

404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1.  If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff
is able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
At this step, plaintiff's residual functional capacity ("RFC")
assessment is considered.  If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work.  The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 5 -

evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9th Cir. 1984).  Nevertheless, a decision supported by
substantial evidence will still be set aside if the proper legal
standards were not applied in weighing the evidence and making the
decision.  *Brawner v. Secretary of Health and Human Services*, 839
F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial
evidence to support the administrative findings, or if there is
conflicting evidence that will support a finding of either
disability or nondisability, the finding of the Commissioner is
conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.
1987).

## ALJ'S FINDINGS

At the outset, the ALJ found plaintiff met the DIB
requirements through December 31, 2005. (Tr. 21.) The ALJ found at
step one that plaintiff has not engaged in substantial gainful
activity since onset.  (Tr. 23.)  At steps two and three, the ALJ
found that plaintiff suffers from degenerative disk disease and
COPD, impairments that are severe but which do not alone or
combination meet or medically equal a Listing impairment.  (Tr.
23-24.)  The ALJ found plaintiff less than completely credible.
(Tr. 25-26.)  At step four, relying on the VE, the ALJ found
plaintiff's RFC for a wide range of light work prevents him from
performing his past relevant work. (Tr. 24, 27, 368-369.)  At step
five, again relying on the vocational expert, the ALJ found there
are other light unskilled jobs plaintiff could perform, including

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 6 -

1  assembler, cashier and cleaner/housekeeper. (Tr. 28, 370.)

2  Accordingly, the ALJ found that plaintiff is not disabled as

3  defined by the Social Security Act.

4                              **ISSUES**

5      Plaintiff contends that the Commissioner erred as a matter of

6  law by failing to properly weigh the medical evidence, including

7  the opinion of his treating pulmonologist, Todd Green, M.D. (Ct.

8  Rec. 14 at 10-13.)  The Commissioner responds that the ALJ

9  appropriately weighed the medical evidence and asks the Court to

10 affirm the decision. (Ct. Rec. 17 at 11-12).

11                          **DISCUSSION**

12 **Weighing medical evidence**

13     In social security proceedings, the claimant must prove the

14 existence of a physical or mental impairment by providing medical

15 evidence consisting of signs, symptoms, and laboratory findings;

16 the claimant's own statement of symptoms alone will not suffice.

17 20 C.F.R. § 416.908.  The effects of all symptoms must be

18 evaluated on the basis of a medically determinable impairment

19 which can be shown to be the cause of the symptoms. 20 C.F.R. §

20 416.929.  Once medical evidence of an underlying impairment has

21 been shown, medical findings are not required to support the

22 alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d

23 341, 345 (9th Cr. 1991).

24     A treating physician's opinion is given special weight

25 because of familiarity with the claimant and the claimant's

26 physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th

27 Cir. 1989).  However, the treating physician's opinion is not

28

"necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted).  More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff contends that the ALJ failed to properly credit the opinion of treating physician Dr. Green that plaintiff is limited to sedentary, rather than light, work. (Ct. Rec. 14 at 12-13.)

The ALJ gave little weight to Dr. Green's RFC for sedentary

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 8 -

work because: (1) Dr. Green performed a one-time examination; (2) he did not have the benefit of reviewing plaintiff's longitudinal records; and (3) his opinion is inconsistent with objective medical evidence.  (Tr. 26.)

Dr. Green examined plaintiff on February 21, 2006.  (Tr. 304-305.)  He diagnosed a pulmonary nodule and moderate to severe COPD.  (Tr. 305.)  Dr. Green recommended chest imaging of the nodule, additional antibiotics, flonase for sinusitis, and albuterol for breathing as needed.  (Tr. 305.)  The only additional record from Dr. Green is a letter dated August 28, 2006, opining that plaintiff's COPD causes at least a moderately severe impairment and he is capable of sedentary work.  (Tr. 319.)

The ALJ opined:

> Although Dr. Green is a specialist in pulmonary diseases, his one-time examination of the claimant could not have provided him with a detailed, longitudinal picture of the claimant's impairments. Physical examinations have demonstrated that the claimant has mildly diminished breath sounds and mild interstitial prominence.  Although he has been diagnosed with moderately severe pulmonary disease, medical records indicate that his condition has responded to medication and that he has experienced only two exacerbations of his [COPD] since his alleged onset date of disability.  Based on the foregoing the undersigned has rejected the limitations indicated by Dr. Green.

(Tr. 26.)

Dr. Green's report indicates he reviewed the January 18, 2006 chest x-ray and administered pulmonary tests.  (Tr. 304.)  Dr. Green's report does not indicate that he had any other records to review.

The ALJ rejected Dr. Green's opinion that plaintiff's COPD limits him to sedentary work because it is inconsistent with

objective medical evidence. (Tr. 26.) The ALJ is correct.
Examples include the opinion of treating physician Nathan Stime,
M.D., in 2000 that plaintiff could perform light work (Tr. 261);
the notation of examining physician Edgar Figueroa, M.D., in May
of 2002 that plaintiff said he had untreated emphysema and had not
seen a physician in over a year.  Dr Figueroa opined emphysema
"does not appear to be severe at this time" (Tr. 264-265); records
of examining physician Robert Rose, M.D., in October of 2004 that
plaintiff has used inhalers in the past but not currently.  Dr
Rose assessed COPD symptoms with mild to moderate exertion. (Tr.
291, 293.) An ER record from January 19, 2006 indicates difficulty
breathing; plaintiff had been seen the previous day and diagnosed
with asthmatic bronchitis but did not fill the prescriptions given
because he said he could not afford it.  After being given three
nebulized treatments in the hospital, plaintiff felt significantly
improved.  (Tr. 317.)  Art Flores, PAC, noted on July 31, 2006,
plaintiff's only current medication is zyrtec for allergies.  (Tr.
329.)  Mr. Flores notes that after being out of medication for one
week in October of 2006, plaintiff experienced shortness of
breath, wheezing and coughing, while on his medication he was
doing well. (Tr. 343.)  The reasons stated by the ALJ for
discrediting Dr. Green's opinion are legitimate, specific, and
supported by substantial evidence in the record.  *See Lester v.
Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995)(holding that the ALJ
must make findings setting forth specific, legitimate reasons for
rejecting the treating physician's contradicted opinion).

To further aid in weighing the conflicting medical evidence,
the ALJ evaluated plaintiff's credibility and found him less than

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 10 -

fully credible.  (Tr. 25-26.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility (an assessment unchallenged on appeal): plaintiff's failure to follow recommended treatment and minimal treatment efforts, his daily activities, and the objective medical evidence. (Tr. 25.) Plaintiff's inconsistent treatment efforts have been discussed. The ALJ points out plaintiff's daily activities in October of 2004 (a month prior to onset) included driving, shopping and cooking.  (Tr. 25, citing Exhibit 8F/1.)  In July of

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 11 -

2006, the ALJ observes plaintiff said he walked daily for exercise.  At the hearing plaintiff testified he does his own laundry and shops.  (Tr. 25.)  Some of the objective medical evidence has been discussed.  The ALJ notes that with respect to plaintiff's back complaints, an examining physician opined that "the claimant's pain complaints appeared to be out of proportion to the physical findings." (Tr. 25, referring to Exhibit 4F/4.)

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ properly discounted Dr. Green's opinion based on his status as a one-time examining physician, his apparent lack of longitudinal records, and other medical records.  These are specific legitimate reasons supported by substantial evidence for the weight given to Dr. Green's opinion.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 12 -

evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

The ALJ provided clear and convincing reasons supported by the record for finding plaintiff's allegations not fully credible. The ALJ weighed the medical evidence and failed to adopt some of the opinions of Dr. Green.  Instead, the ALJ relied on the opinions of other examining and consulting physicians and on his assessment of plaintiff's credibility.  The ALJ gave specific and legitimate reasons, supported by substantial evidence, for rejecting some of the assessed limitations.  The ALJ's assessment of the medical and other evidence is supported by the record and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 16th day of December, 2008.

s/ James P. Hutton<br>JAMES P. HUTTON<br>UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 13 -